IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES LAMONT JOHNSON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No.: PX-23-511 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*

**<u>MEMORANDUM OPINION</u>**

James Lamont Johnson, a federal prisoner incarcerated at Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Shortly after, Johnson filed another, near identical Petition. *See* ECF No. 1, Civil Action No. PX-23-0666. Both Petitions address an allegedly improper warrant and docketing irregularities in Johnson's federal criminal case out of the Western District of Pennsylvania that he believes entitle him to release. In the interests of efficiency and judicial economy, the cases have been consolidated for all purposes, and the second filed Petition (PX-23-0666) has been docketed as a supplement to the original Petition. ECF No. 6.

On June 23, 2023, the Government filed its response. ECF No. 9. The Court informed Johnson of his right to reply (ECF No. 5), and on June 29, 2023, Johnson replied and separately moved for summary judgment in his favor. ECF Nos. 11, 12. The Court has thoroughly reviewed the pleadings and finds a hearing unnecessary. Loc. R. 105.6 (D. Md. 2023). For the following reasons, the Petition must be dismissed.

1

**I.     Background**

Johnson argues in this Petition that he is entitled to immediate release because he had been charged and tried under the wrong warrant, complaint, and indictment, and the prosecutors pursued his criminal conviction nonetheless.  ECF No. 1 at 2-4.  From this, Johnson argues that "the B.O.P. has been illegally holding [him] for the last 10 years, on a bogus case no #12-CR-52-MBC that do not even exist." *Id.* at 6.

The underlying federal criminal matter reflects that Johnson had been indicted, tried, convicted, and sentenced in the Western District of Pennsylvania for possession of a unregistered firearm, in violation of 26 U.S.C. § 5861(d).  ECF No. 9 at 2 (quoting *United States v. Johnson*, 578 F. App'x 150, 153 (3d Cir. 2014)).  During the pendency of the criminal case, Johnson fronted the same challenges that he raises now.  ECF No. 9 at 3.  Those arguments were roundly rejected. *Id. See also* Case No. 1:12-cr-00052-WSH, ECF No. 168; Case No. 1:12-cr-00052-WSH, ECF No. 238.  Johnson next filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence based on the same arguments.  *Johnson v. United States*, No. CIV. 14-312, 2015 WL 4548277, at *1 (W.D. Pa. July 28, 2015).  The district court in the criminal matter denied the §2255 motion.  *Id.* at *3.  Johnson also appears to have filed a separate action in the Western District of Pennsylvania which was construed as a § 2241 petition.  ECF No. 9, *see also* Case No. 1:19-cv-00156-SPB-RAL, ECF No. 23 at 2.  The district court dismissed that petition, concluding that § 2241 does not reach challenges to the underlying criminal conviction or sentence.  *Id.* at 4.

The Government now contends that the Petition before this Court must be dismissed.  ECF No. 9 at 3-5.   For the reasons to follow, the Court agrees with the Government.

## II. Discussion

Regardless of the label that Johnson puts on this Petition, the Court must determine based on the pleading itself whether the motion attacks the validity of Johnson's conviction or sentence (properly brought under § 2255) or the execution of his sentence (properly brought under § 2241). *Calderon v. Thompson*, 523 U.S. 538, 554 (1998). *See also* 28 U.S.C. §§ 2241(a) & 2255. Johnson clearly challenges the validity of the underlying conviction and sentence, and so the motion is governed by 28 U.S.C. § 2255. *See* ECF Nos. 1, 3, 6.

Next, the Court must determine whether it can reach Johnson's requested relief. It cannot. Section 2255(e) plainly states that such a motion "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." If in the "unusual circumstance[]," the remedy by motion is inadequate or ineffective, then the "savings clause" as articulated in § 2255(e) permits the claim to be raised in a § 2241 petition. *Jones v. Hendrix,* __ U.S. __, 143 S. Ct. 1866, 1860. (2023).

Because Johnson did or could have raised his claims before the district court in his first § 2255 motion, Johnson cannot pursue them now. *See* 28 U.S.C. § 2255(e). Moreover, no "unusual circumstances" present themselves such that Johnson could bring the already foreclosed claims in a § 2241 petition. *Jones*, __ U.S. __, 143 S. Ct. at 186. Thus, the Court must dismiss the Petition.

## III. Certificate of Appealability

When this Court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Johnson fails to meet this standard and a Certificate of Appealability shall not issue.

### IV. Conclusion

For the forgoing reasons, the Court denies Johnson's request for habeas relief and his Motion for Summary Judgment (ECF No. 11).  A Certificate of Appealability shall not issue.

A separate Order follows.

10/11/23                                                                                    /S/
_____                                          _____
Date                                                                                     Paula Xinis
                                                                                         United States District Judge